V James DeSimone, SBN 119668
Michael D. Seplow, SBN 150183
Courtney Abrams, SBN 265742
SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone: 310- 396-0731
Fax: 310- 396-0731

Thomas W. Falvey, SBN 65744
J.D. Henderson, SBN 235767
LAW OFFICES OF THOMAS W. FALVEY
301 North Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 795-0205
Facsimile: (626) 795-3026

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SANTIAGO, ROBERT SCHUSSEL,<br><br>          Plaintiffs,<br><br>     vs.<br><br>AMDOCS, INC. and DOES 1 through 10, inclusive<br><br>          Defendants. | Case No: 3:10-cv-04317-SI<br><br>[CLASS ACTION]<br><br>**THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**1. FAILURE TO PAY OVERTIME COMPENSATION (FAIR LABOR STANDARDS ACT–29 U.S.C. § 207)**<br><br>**2. FAILURE TO PAY WAGES INCLUDING OVERTIME PREMIUM PAY (CAL. LABOR CODE §§ 216, 1194)**<br><br>**3. FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE § 226.7)**<br><br>**4. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS (CAL. LABOR CODE § 226)**<br><br>**5. WAITING TIME PENALTIES (CAL. LABOR CODE § 203)** |

1

<table>
<tr><td>1</td><td></td><td>)</td><td>**6. COMMON LAW CONVERSION**</td></tr>
</table>

1

2        )        **6. COMMON LAW CONVERSION**
         )
3        )        **7. VIOLATION OF LABOR CODE §**
         )        **204**
4        )
         )        **8. UNFAIR BUSINESS PRACTICES**
5        )        **(CALIFORNIA BUSINESS AND**
         )        **PROFESSIONS CODE § 17200 ET**
6        )        **SEQ.)**
         )
7        )        **9. PRIVATE ATTORNEY GENERAL**
         )        **ACT (CAL. LABOR CODE §§ 2698 ET**
8        )        **SEQ.)**
         )
9        )        **DEMAND FOR JURY TRIAL**
         )
10       )

11       PLAINTIFFS PATRICK SANTIAGO and ROBERT SCHUSSEL, as individuals, on

12  behalf of themselves, all others similarly situated, and the general public, complain and allege, on

13  information and belief, the following against DEFENDANTS AMDOCS, INC. and DOES 1-10

14  (individually and collectively referred to as "DEFENDANTS"):

15

16                                    **INTRODUCTION**

17       1.       This proposed class and collective action arises out of DEFENDANTS' failure to

18  pay all wages owed to its Information-Technology ("IT") employees (henceforth, "IT Workers").[1]

19  Although DEFENDANTS' IT Workers such as PLAINTIFFS primarily performed non-exempt

20  ────────────────

21       [1]
    DEFENDANTS provided PLAINTIFFS and other similarly situated employees with various job
22  titles, which were frequently changed, in order to make it appear that they were properly exempt
    from federal and state overtime laws. The term "IT Workers" includes, without limitation,
23  DEFENDANTS' employees with job titles such as Quality Control Tester/Analyst, Analyst,
    Analyst Expert, Senior Analyst, Business Analyst, Defect Manager, Device Engineer, Senior
24  Desktop Engineer, IT Asset Manager, IT Project Manager, Product Manager, Rate File Manager,
25  Release Manager, Senior Product Manager, Requirements Analyst, Senior Requirements Analyst,
    Requirements Engineer, Sales Engineer, Senior Sales Engineer, Senior Software Quality
26  Engineer, Senior Software Engineer, Senior Quality Assurance Analyst, Quality Engineer Expert,
    Senior Test Engineer, Subject Matter Expert (SME), Developer, Software Subject Matter Expert
27  (SME), Senior Infrastructure Subject Matter Expert (SME), Database Administrator, Software
28  Configuration Manager, Technical Writer, Testing Analyst, and/or Quality Assurance Engineer
    (including iterations on these titles with prefixes such as "associate" and "senior").

2

1  functions, they were not paid all wages which they are entitled under both federal and California
2  law, including but not limited to overtime premium pay.

3
4  **JURISDICTION AND VENUE**

5      2.      This Court has jurisdiction over DEFENDANTS because they are residents of
6  and/or doing business in this district. This Court has jurisdiction over PLAINTIFFS' claims
7  pursuant to 28 U.S.C. § 1331 in that PLAINTIFFS assert a claim against DEFENDANTS which
8  arises under the Constitution, laws, or treaties of the United States. This Court also has
9  jurisdiction over PLAINTIFFS' claims pursuant to the Class Action Fairness Act of 2005, which
10  amended 28 U.S.C. § 1332, because (a) one or more DEFENDANTS are not a citizen of this
11  state, but do conduct business in good standing within the State of California on a regular basis;
12  (b) PLAINTIFFS were, at all relevant times, citizens of California; (c) the proposed class
13  members number at least 100; and (d) the amount in controversy exceeds $5,000,000.00,
14  exclusive of interest and costs.

15      3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a), (b) and (c) in
16  that Defendant AMDOCS, INC. resides in this District and because a substantial part of the
17  events or omissions giving rise to PLAINTIFFS' claims occurred in this District.

18
19  **PARTIES**

20      4.      PLAINTIFF PATRICK SANTIAGO ("MR. SANTIAGO") at all relevant times
21  was a non-exempt employee of DEFENDANTS. As a Quality Control Tester/Analyst, MR.
22  SANTIAGO'S primary job duties, in which he was engaged for over 50% of his work day,
23  consisted of non-exempt duties including providing computer support, testing related to repairs
24  and problem-solving, trouble-shooting, and technical services to DEFENDANTS. MR.
25  SANTIAGO performed his duties according to pre-existing and established standards and
26  procedures. MR. SANTIAGO is, and at all relevant times was, a citizen of the State of
27  California. MR. SANTIAGO  was employed by DEFENDANTS from approximately May 2007
28  ///

3

1 through approximately December 2008 and performed all obligations as required during his
2 employment.

3      5.     PLAINTIFF ROBERT SCHUSSEL ("MR. SCHUSSEL") at all relevant times
4 was a non-exempt employee of DEFENDANTS. As a Quality Control Tester/Analyst, and later
5 a Senior Test Engineer, MR. SCHUSSEL'S primary job duties, in which he was engaged for
6 over 50% of his work day, consisted of non-exempt duties including providing computer support,
7 testing related to repairs and problem-solving, trouble-shooting, and technical services to
8 DEFENDANTS. MR. SCHUSSEL performed his duties according to pre-existing and
9 established standards and procedures. MR. SCHUSSEL is, and at all relevant times was, a
10 citizen of the State of California. MR. SCHUSSEL was employed by DEFENDANTS from
11 approximately May 15, 2007 through approximately May 27, 2009 and performed all obligations
12 as required during his employment.

13      6.     PLAINTIFFS are informed and believe and thereon allege that PLAINTIFFS and
14 all members of the putative class were non-exempt IT Workers of DEFENDANTS, who
15 performed substantially similar, non-exempt primary job duties, which consisted primarily of
16 providing computer support, trouble shooting, testing related to repairs and problem-solving, and
17 technical services to DEFENDANTS. Despite the fact that PLAINTIFFS and other class
18 members were non-exempt employees who performed similar job duties, namely computer
19 support, trouble shooting, testing related to repairs and problem-solving, and technical services,
20 DEFENDANTS classified them as exempt and provided PLAINTIFFS and other similarly
21 situated employees with various job titles, which were frequently changed, in order to make it
22 appear that they were properly exempt from federal and state overtime laws. DEFENDANTS did
23 so to avoid paying PLAINTIFFS and other class members wages due to non-exempt employees
24 under both California and federal law.

25      7.     DEFENDANTS AMDOCS, INC. and DOES 1 through 10, are all corporations or
26 other business entities which are doing business in California or formally did business in
27 California.

28 ///

4

THIRD AMD. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3:10-cv-04317-SI

1      8.     The true names and capacities of defendants named herein as DOES 1 through 10,

2 inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFFS,

3 who therefore sues such defendants by such fictitious names. PLAINTIFFS will amend this

4 Complaint to show the true names and capacities when they have been determined.

5      9.     At all times mentioned herein, DEFENDANTS, and each of them, were the agents,

6 representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates, each of the

7 other, and at all times pertinent hereto were acting within the course and scope of their authority

8 as such agents, representatives, employees, successors, assigns, parents, subsidiaries and/or

9 affiliates.

10

11                    **GENERAL ALLEGATIONS**

12      10.    During the Class period, DEFENDANTS routinely required PLAINTIFFS and

13 members of the putative class to work hours in excess of eight (8) hours of work in one (1) day

14 and/or forty (40) hours in one week, yet did not pay PLAINTIFFS and members of the putative

15 class overtime compensation for those hours worked. DEFENDANTS actively discouraged

16 PLAINTIFFS and members of the putative class from recording overtime hours worked.

17 DEFENDANTS routinely required PLAINTIFFS and putative class members to be "on standby"

18 and prepared to work from home, yet failed to provide overtime compensation to PLAINTIFFS

19 and members of the putative class. On various projects, DEFENDANTS instituted "mandatory"

20 60-hour workweeks, yet still failed to compensate PLAINTIFFS and members of the putative

21 class for overtime hours worked. PLAINTIFFS and members of the putative class regularly

22 recorded overtime hours worked, yet DEFENDANTS failed to compensate these employees for

23 such hours or provide accurate itemized wage statements reflecting these overtime hours.

24      11.    During the Class period, DEFENDANTS routinely required PLAINTIFFS and

25 members of the putative class to work, without providing paid ten minute rest periods, and 30-

26 minute meal periods as required by law. Due to overwhelming work and scheduling demands,

27 DEFENDANTS regularly instructed PLAINTIFFS and members of the putative class to work

28 through meal and rest periods, yet did not compensate these employees for those meal and rest

1   periods, as required by law. Even when PLAINTIFFS and members of the putative class took rest
2   and meal periods, they were not fully relieved of all duties.
3
4                           **CLASS ACTION ALLEGATIONS**
5       12.     PLAINTIFFS bring this action on behalf of themselves and all others similarly
6   situated as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3). The class that
7   PLAINTIFFS seek to represent (herein referred to as " PLAINTIFF CLASS") is composed of
8   DEFENDANTS' employees and former employees who suffered injuries or damages and/or were
9   otherwise denied wages and monies to which they were entitled within the applicable statutes of
10  limitation. The PLAINTIFF CLASS is defined as follows:
11      **All California IT Workers classified by DEFENDANTS as exempt at any time**
        **within four years of the date of the filing of this complaint, except those**
12      **holding advanced degrees in computer software or a closely-related field,**
        **and/or who spent more than 50% of their time managing other employees.**
13
14      13.     EXECUTIVE EXEMPTION: Based on information and belief, PLAINTIFFS
15  allege that the IT Workers are and were not subject to the Executive Exemption because they do
16  not spend more than half of their time managing others, thus they do not meet the exemption set
17  out in the Industrial Welfare Commission's (IWC) Work Order 4-2001 ("Order 4-2001"), section
18  1(A)(1).
19      14.     PROFESSIONAL EXEMPTION: Based on information and belief, PLAINTIFFS
20  allege that the IT Workers are and were not subject to the Professional Exemption because they
21  are not in one of the listed "recognized professions," nor do they engage in work that "requires
22  knowledge of an advanced type in a field or science or learning customarily acquired by a
23  prolonged course of specialized intellectual instruction and study." (Order 4-2001, § 1(A)(3)).
24      15.     COMPUTER SOFTWARE FIELD EXEMPTION: Based on information and
25  belief, PLAINTIFFS allege that the IT Workers are and were not subject to the Computer
26  Software Field Exemption (Order 4-2001, § 1(A)(3)(h)) for several reasons, including but not
27  limited to the following:
28  ///

                                            6
    **THIRD AMD. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3:10-cv-04317-SI**

1    a) the class members were/are not paid by the hour, and/or;

2    b) they were/are engaged in the operation of computers, and/or engaged in the

3  manufacture, repair, or maintenance of computer hardware and related equipment, and/or;

4    c) they were/are "engaged in writing material, including box labels, product descriptions,

5  documentation, promotional material, setup and installation instructions, and other similar written

6  information, either for print or for on screen media or who writes or provides content material

7  intended to be read by customers, subscribers, or visitors to computer-related media such as the

8  World Wide Web or CD-ROMs";

9    all of which means that the IT Workers are not and were not exempt under the Computer

10  Software Field Exemption. (Order 4-2001, § 1(A)(3)(i); *see also* Labor Code § 515.5 ).

11    16.    ADMINISTRATIVE EXEMPTION: Based on information and belief,

12  PLAINTIFFS allege that the IT Workers are not subject to the Administrative Exemption for

13  several reasons, including but not limited to the following:

14    a) they were/are not engaged in work directly related to management policies or general

15  business operations; and/or

16    b) they did/do not customarily and regularly exercise discretion and independent

17  judgment; and/or

18    c) they did/do not regularly and directly assist others employed in a bona fide executive or

19  administrative capacity; and/or

20    d) they did/do not work along specialized or technical lines requiring special training,

21  experience, or knowledge.

22    all of which means that the IT Workers are not and were not exempt under the

23  Administrative Exemption. (Order 4-2001 section 1(A)(2)).

24    17.    COMMISSIONED SALES EXEMPTIONS: Based on information and belief,

25  PLAINTIFFS allege that the IT Workers are not subject to any Commissioned Sales Exemptions

26  for either inside or outside sales because they were not and are not commissioned salespersons

27  and were never paid commissions or engaged in sales activity.

28  ///

1    18.    OTHER EXEMPTIONS: Based on information and belief, PLAINTIFFS allege

2 that the IT Workers are and were not subject to any exemptions, thus none of the IT Workers are

3 or were properly exempt and DEFENDANTS have never been excused from their legal obligation

4 to pay for all hours worked, including overtime premium pay and so forth.

5    19.    The members of the class are so numerous that joinder of all members would be

6 unfeasible and not practicable. The membership of the entire class is unknown to PLAINTIFFS at

7 this time; however, it is estimated that the entire class is greater than 100 individuals, but the

8 identity of such membership is readily ascertainable via inspection of the personnel records and

9 other documents maintained by DEFENDANTS.

10    20.    There are common questions of law and fact as to the class and sub-classes which

11 predominate over questions affecting only individual members including, without, limitation:

12         A.    Whether DEFENDANTS denied the PLAINTIFF CLASS overtime pay to

13 which they were entitled pursuant to the FLSA, the California Labor Code, the California

14 Industrial Welfare Commission's ("IWC") Wage Orders, and all other applicable Employment

15 Laws and Regulations;

16         B.    Whether DEFENDANTS mis-classified class members as exempt

17 employees and knowingly denied them overtime pay to which they were entitled;

18         C.    Whether DEFENDANTS denied the PLAINTIFF CLASS meal and rest

19 breaks to which they were entitled by law and failed to compensate the PLAINTIFF CLASS for

20 missed meal and rest breaks;

21         D.    Whether DEFENDANTS failed to provide PLAINTIFFS and members of

22 the PLAINTIFF CLASS with accurate itemized statements;

23         E.    Whether DEFENDANTS are liable for conversion of monies belonging to

24 PLAINTIFF and members of the PLAINTIFF CLASS.

25         F.    Whether DEFENDANTS engaged in unfair business practices;

26         G.    Whether DEFENDANTS acted with, malice, oppression and fraud thereby

27 justifying the award of punitive and exemplary damages;

28 ///

8

THIRD AMD. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3:10-cv-04317-SI

1           H.     The effect upon and the extent of damages suffered by the PLAINTIFF
2  CLASS and the appropriate amount of compensation.

3      21.    The claims of PLAINTIFFS pled as class action claims are typical of the claims of
4  all members of the class as they arise out of the same course of conduct and are predicated on the
5  same violation(s) of the law. PLAINTIFFS, as a representative party, will fairly and adequately
6  protect the interests of the class by vigorously pursuing this suit through their attorneys who are
7  skilled and experienced in handling matters of this type.

8      22.    The nature of this action and the nature of the laws available to the PLAINTIFF
9  CLASS makes the use of the class action format a particularly efficient and appropriate procedure
10  to afford relief to the PLAINTIFF CLASS. Further, this case involves a corporate employer and a
11  large number of individual employees possessing claims with common issues of law and fact. If
12  each employee were required to file an individual lawsuit, the corporate defendants would
13  necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the
14  limited resources of each individual plaintiff with its vastly superior financial and legal resources.
15  Requiring each class member to pursue an individual remedy would also discourage the assertion
16  of lawful claims by employees who would be disinclined to pursue an action against their present
17  and/or former employer for an appreciable and justifiable fear of retaliation and permanent
18  damage to their careers at present and/or subsequent employment. Proof of a common business
19  practice or factual pattern, of which the named plaintiffs experienced, is representative of the class
20  mentioned herein and will establish the right of each of the members of the class to recovery on
21  the claims alleged herein.

22      23.    The prosecution of separate actions by the individual class members, even if
23  possible, would create: (a) substantial risk of inconvenient or varying verdicts or adjudications
24  with respect to the individual class members against the defendants herein; and/or (b) legal
25  determinations with respect to individual class members which would, as a practical matter, be
26  dispositive of the other class members not parties to the adjudications, or which would
27  substantially impair or impede the ability of class members to protect their interests. Further, the
28  claims of the individual members of the class are not sufficiently large to warrant vigorous

9

**THIRD AMD. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3:10-cv-04317-SI**

1  individual prosecution considering all of the concomitant costs and expenses attending thereto.

2  PLAINTIFFS are also unaware of any difficulties that are likely to be encountered in the

3  management of this action that would preclude its maintenance as a class action.

4

5  ## FACTS COMMON TO ALL CAUSES OF ACTION

6  24.    PLAINTIFFS were non-exempt employees of DEFENDANTS. DEFENDANTS

7  routinely required PLAINTIFFS and other similarly situated employees to work more than eight

8  (8) hours per day, twelve (12) hours per day and/or forty (40) hours per week. However,

9  PLAINTIFFS did not receive overtime compensation for the hours they worked in excess of eight

10  (8) hours per day, twelve (12) hours per day and/or forty (40) hours per week.

11  25.    In addition, PLAINTIFFS were not provided with uninterrupted, work-free 30-

12  minute meal periods for shifts in excess of five (5) hours and were not compensated for missed

13  meal periods. DEFENDANTS also failed to provide PLAINTIFFS with rest periods for shifts in

14  excess of four (4) hours throughout their employment with DEFENDANTS.

15  26.    PLAINTIFFS are informed and believe and thereon allege that the PLAINTIFF

16  CLASS was subjected to the same unlawful practices as PLAINTIFF. Like PLAINTIFFS,

17  DEFENDANTS routinely required members of the PLAINTIFF CLASS to work more than eight

18  (8) hours per day, twelve (12) hours per day, and/or forty (40) hours per week. However,

19  members of the PLAINTIFF CLASS did not receive all of the wages that they earned.

20  PLAINTIFFS are informed and believe and thereon allege that the failure of DEFENDANTS to

21  pay PLAINTIFFS and the PLAINTIFF CLASS overtime premium wages was willful, purposeful,

22  and unlawful and done in accordance with the policies and practices of DEFENDANTS'

23  operations. In addition, DEFENDANTS failed to provide PLAINTIFFS and members of the

24  PLAINTIFF CLASS with accurate itemized statements as required by Labor Code § 226.

25  27.    PLAINTIFFS are further informed and believe and thereon allege that members of

26  the PLAINTIFF CLASS were also not provided with uninterrupted, work-free 30-minute meal

27  periods for shifts in excess of five (5) hours and were not compensated for missed meal periods.

28  PLAINTIFFS are informed and believe and thereon allege that the failure of DEFENDANTS to

10

1 provide PLAINTIFFS and the PLAINTIFF CLASS with uninterrupted, work-free 30-minute meal
2 periods for shifts in excess of five (5) hours was willful, purposeful, and unlawful and done in
3 accordance with the policies and practices of DEFENDANTS' operations.

4     28.    In addition, PLAINTIFFS are informed and believe and thereon allege that
5 members of the PLAINTIFF CLASS were also not provided with rest periods for shifts in excess
6 of four (4) hours. PLAINTIFFS are informed and believe and thereon allege that the failure of
7 DEFENDANTS to provide PLAINTIFFS and the PLAINTIFF CLASS with rest periods for shifts
8 in excess of four (4) hours was willful, purposeful, and unlawful and done in accordance with the
9 policies and practices of DEFENDANTS' operations.

10     29.    As a result of DEFENDANTS' illegal practices, the members of PLAINTIFF
11 CLASS were not and are not paid all wages that they earned, and suffered damages resulting from
12 these illegal practices. PLAINTIFFS are further informed and believe, and thereon allege that
13 the failure of DEFENDANTS to pay PLAINTIFFS and the members of the PLAINTIFF CLASS
14 all wages due (including overtime, meal and rest period premium wages) was willful, purposeful,
15 and unlawful and done in accordance with the policies and practices of DEFENDANTS'
16 operations.

17
18 

**FIRST CAUSE OF ACTION**

19 **FAILURE TO PAY OVERTIME IN VIOLATION OF § 207(a)**

20 **OF THE FAIR LABOR STANDARDS ACT**

21 **(Against All Defendants)**

22     30.    PLAINTIFFS reallege and incorporate by reference as though fully set forth herein
23 the allegations contained in paragraphs 1 to 29.

24     31.    PLAINTIFFS assert this cause of action on behalf of themselves and on behalf of
25 all other similarly situated persons currently or formerly employed by DEFENDANTS who
26 performed non-exempt job duties but were classified by DEFENDANTS as exempt.
27 PLAINTIFFS assert this cause of action on behalf of themselves and on behalf of all other
28 similarly situated persons to recover from DEFENDANTS compensation earned but unpaid,

11

1 including overtime compensation, liquidated damages, and any other recovery authorized under
2 the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (The "FLSA"). PLAINTIFFS request that
3 absent class members be notified of their right to opt-in to an FLSA collective action by the best
4 notice practicable under the circumstances, including individual notice to all members who can be
5 identified through reasonable efforts. Pursuant to 29 U.S.C. §216(b), PLAINTIFFS have given
6 their written consent to opt in to this action. A copy of MR. SANTIAGO's consent form was
7 attached to the original complaint, and a copy of MR. SCHUSSELL's consent form was attached
8 to the first amended complaint. These consent forms have therefore been filed.

9     32.     DEFENDANTS have intentionally, recklessly, or negligently failed and refused to
10 compensate PLAINTIFFS and all other similarly situated persons at the rate of one and one-half
11 times the regular rate of pay for all hours over 40 in any given workweek. DEFENDANTS have
12 intentionally, recklessly, or negligently failed to pay PLAINTIFFS and all others similarly situated
13 the time-and-a-half rate for overtime earned in a particular workweek by the regular pay day for
14 the period in which the work ended.

15     33.     DEFENDANTS have delayed the payment of overtime for a period longer than is
16 reasonably necessary for them to compute and arrange for payments of the amounts due.
17 DEFENDANTS know or have constructive knowledge that PLAINTIFFS and other similarly
18 situated employees were working overtime in non-exempt jobs without overtime compensation.
19 Notwithstanding such knowledge, DEFENDANTS have failed to pay PLAINTIFFS and other
20 similarly situated employees at one and one-half times the regular rate of pay for all overtime
21 hours as required by the FLSA.

22     34.     Although DEFENDANTS know or have constructive knowledge of their
23 obligations under law regarding the payment of hours covered by the FLSA, DEFENDANTS
24 routinely and wilfully failed to compensate PLAINTIFFS and other similarly situated employees
25 for overtime in a timely manner.

26     35.     DEFENDANTS have deprived PLAINTIFFS and other similarly situated
27 employees of their rights, privileges, and immunities secured to them by federal law which clearly
28 provides that PLAINTIFFS and other similarly situated employees are entitled to be paid for all

1  overtime hours worked in a workweek at the rate of one and one-half the regular rate of pay by the
2  regular pay day for the period in which such workweek ends. DEFENDANTS know or should
3  know that this conduct violates these rights, privileges, and immunities. DEFENDANTS have
4  fraudulently, intentionally, recklessly, or negligently misrepresented that they are not required to
5  pay PLAINTIFFS and other similarly situated employees for all overtime they work.

6      36.    As a direct and proximate result of DEFENDANTS' actions and inactions,
7  PLAINTIFFS and other similarly situated employees have been damaged, and are entitled to
8  compensatory and/or liquidated damages in an amount according to proof, including, but not
9  limited to, as sum equivalent to and in addition to their overtime compensation which was paid
10 late for the three years preceding the date of their opt-in to the present action as required by 29
11 U.S.C. § 216(b), plus attorneys fees and costs and any and all other relief the Court finds just and
12 proper.

13              **SECOND CAUSE OF ACTION**

14      **FAILURE TO PAY WAGES INCLUDING OVERTIME PREMIUM PAY**

15           **(CALIFORNIA LABOR CODE §§ 216, 1194 *et. seq.*)**

16                  **(Against All Defendants)**

17      37.    PLAINTIFFS reallege and incorporate by reference as though fully set forth herein
18 the allegations contained in paragraphs 1 to 36.

19      38.    DEFENDANTS routinely required PLAINTIFFS and members of the PLAINTIFF
20 CLASS to work more than eight (8) hours per day, twelve (12) hours per day, and/or forty (40)
21 hours per week.

22      39.    DEFENDANTS failed to fully compensate PLAINTIFFS and members of the
23 PLAINTIFF CLASS for all wages they earned, including overtime premium pay. As a result of
24 DEFENDANTS' knowing and intentional policies and procedures, PLAINTIFFS and members of
25 the PLAINTIFF CLASS were not properly compensated for all hours worked.

26      40.    PLAINTIFFS are informed and believe, and thereon allege that the failure of
27 DEFENDANTS to fully compensate PLAINTIFFS and the PLAINTIFF CLASS for all hours
28 worked was willful, purposeful, unlawful per California Labor Code sections 216 and 1194 *et.*

                              13

1  *seq.*, and done in accordance with the policies and practices of DEFENDANTS' operations.

2      41.    As a proximate cause of the aforementioned violations, PLAINTIFFS and the

3  PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial, but in

4  an amount in excess of the jurisdiction of this Court. PLAINTIFFS and the PLAINTIFF CLASS

5  are entitled to recover the unpaid balance of all wages owed, penalties, including penalties

6  available pursuant to California Labor Code Section 558, plus interest, reasonable attorney fees

7  and costs of suit according to the mandate of California Labor Code Section 1194, *et. seq*.

8

9                              **THIRD CAUSE OF ACTION**

10         **FAILURE TO PAY MEAL AND/OR REST PERIOD COMPENSATION**

11                  **(CALIFORNIA LABOR CODE SECTION 226.7 AND 512)**

12                              **(Against All Defendants)**

13      42.    PLAINTIFFS reallege and incorporate by reference as though fully set forth herein

14  the allegations contained in paragraphs 1 to 41.

15      43.    DEFENDANTS failed to provide PLAINTIFFS and members of the PLAINTIFF

16  CLASS with uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5)

17  hours worked and to compensate them for these missed meal periods as required by law.

18      44.    Throughout PLAINTIFFS' employment, DEFENDANTS failed to provide

19  PLAINTIFFS with rest periods for shifts in excess of four (4) hours as required by law and failed

20  to compensate him for missed rest periods. DEFENDANTS also failed to provide the

21  PLAINTIFF CLASS with rest periods for shifts in excess of four (4) hours as required by law and

22  failed to compensate them for missed rest periods.

23      45.    PLAINTIFFS are informed and believe, and thereon allege that the failure of

24  DEFENDANTS to provide meal and rest periods and to compensate PLAINTIFFS and the

25  PLAINTIFF CLASS for these missed meal and rest periods was willful, purposeful, and unlawful

26  and done in accordance with the policies and practices of DEFENDANTS' operations. As a result

27  of DEFENDANTS' knowing and intentional policies and procedures, PLAINTIFFS and members

28  ///

                                          14
      **THIRD AMD. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3:10-cv-04317-SI**

1 | of the PLAINTIFF CLASS were not provided rest and meal periods and were not properly
2 | compensated for having missed these rest and meal periods.

3 | 46. As a proximate cause of the aforementioned violations, PLAINTIFFS and
4 | members of the PLAINTIFF CLASS have been damaged in an amount according to proof at time
5 | of trial, but in an amount in excess of the jurisdiction of this Court. PLAINTIFFS and the
6 | PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties,
7 | including penalties available pursuant to California Labor Code Sections 226, 226.7, 558, plus
8 | interest, reasonable attorney fees and costs of suit according to the mandate of California Labor
9 | Code, Section 1194, et. seq.

10 |

11 | **FOURTH CAUSE OF ACTION**

12 | **WAITING TIME PENALTIES PURSUANT TO CALIFORNIA LABOR CODE § 203**

13 | **(Against All Defendants)**

14 | 47. PLAINTIFFS reallege and incorporate by reference as though fully set forth herein
15 | the allegations contained in paragraphs 1 to 46.

16 | 48. Pursuant to California Labor Code § 201, if an employer discharges an employee,
17 | the wages earned and unpaid at the time of the discharge are due and payable immediately.
18 | Pursuant to California Labor Code § 202, if an employee quits his or her employment, the wages
19 | earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours
20 | of the resignation.

21 | 49. PLAINTIFFS are informed and believe that PLAINTIFFS and members of the
22 | PLAINTIFF CLASS have resigned or were terminated from their employment with
23 | DEFENDANTS and have not received the overtime compensation and other wages they rightfully
24 | earned.

25 | 50. DEFENDANTS, and each of them, willfully refused, and continue to refuse, to pay
26 | PLAINTIFFS and members of PLAINTIFF CLASS all wages earned, including overtime
27 | premium wages and premium wages for missed meal and rest periods, in a timely manner as
28 | required by California Labor Code § 203. PLAINTIFFS, on behalf of themselves and members

15

1  of the PLAINTIFF CLASS, therefore request restitution and penalties as provided by California

2  Labor Code § 203.

3

4  ### FIFTH CAUSE OF ACTION

5  ### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

6  ### (CAL. LABOR CODE § 226)

7  ### (Against All Defendants)

8  51.    PLAINTIFFS reallege and incorporate by reference as though fully set forth herein

9  the allegations contained in paragraphs 1 to 50.

10  52.    DEFENDANTS failed to provide PLAINTIFFS and members of the PLAINTIFF

11  CLASS with accurate itemized statements as required by Cal. Labor Code § 226.  In particular,

12  PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS knowingly and

13  intentionally did not state on PLAINTIFFS' and members of the PLAINTIFF CLASS' payroll

14  records the correct amount of overtime wages they had earned for having worked in excess of

15  eight (8) hours per day, (12) hours per day and/or 40 hours per week.

16  53.    As a direct result of DEFENDANTS' failure to provide accurate itemized

17  statements, PLAINTIFFS and members of the PLAINTIFF CLASS were not paid compensation

18  to which they were legally entitled for overtime hours worked, and hours worked during meal and

19  rest periods.

20  54.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS

21  knowingly and intentionally falsified the aforementioned payroll records in order to conceal their

22  unlawful payment practices.  As a result, PLAINTIFFS and members of the PLAINTIFF CLASS

23  are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay

24  period in which a violation occurs, and one hundred dollars ($100) per employee for each

25  violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

26  ($4,000), and are entitled to an award of costs and reasonable attorney fees.

27  ///

28  ///

1 **SIXTH CAUSE OF ACTION**

2 **COMMON LAW CONVERSION**

3 **(Against All Defendants)**

4     55.    PLAINTIFFS reallege and incorporate by reference as though fully set forth herein

5 the allegations contained in paragraphs 1 to 54.

6     56.    As alleged above, DEFENDANTS wrongfully withheld earned wages from

7 PLAINTIFFS and members of the PLAINTIFF CLASS. In particular, DEFENDANTS knowingly

8 failed to pay PLAINTIFFS and members of the PLAINTIFF CLASS all overtime premium wages

9 they earned, and knowingly failed to compensate them for missed meal and rest periods and other

10 compensation owed to them pursuant to the applicable federal and state employment laws and

11 regulations.

12     57.    DEFENDENTS wrongfully converted a vested property right. An employee's right

13 to receive wages "vests" when the labor is performed. (*Suastez v. Plastic Dress-Up Co.,* 31

14 Cal.3d 774 (1982)). The wages earned belonged to PLAINTIFFS and members of the

15 PLAINTIFF CLASS and were wrongfully converted at the time the wages were first due to be

16 paid.[2] Accordingly, such wages are the property of PLAINTIFFS and members of the PLAINTIFF

17 CLASS, and do not belong and never did belong to DEFENDANTS.

18     58.    DEFENDANTS knowingly and intentionally failed to pay PLAINTIFFS and

19 members of the PLAINTIFF CLASS all wages earned, knowingly and intentionally failed to

20 compensate PLAINTIFFS and members of the PLAINTIFF CLASS for missed meal and rest

21 period premium wages, and knowingly and intentionally failed to provide other compensation due

22 to PLAINTIFFS and members of the PLAINTIFF CLASS. Instead, DEFENDANTS converted

23 PLAINTIFF's and members of the PLAINTIFF CLASS' vested property to DEFENDANTS' own

24 use and benefit.

25     59.    PLAINTIFFS and members of the PLAINTIFF CLASS have been injured by

26 DEFENDANTS' intentional conversion of their property. PLAINTIFFS and the PLAINTIFF

27

28
    [2] *Cudra v. Millan,* 17 Cal.4th 855 (1998) (wages are a vested property right when payment is due).

1 CLASS are entitled to immediate possession of all property due but wrongfully converted by
2 DEFENDANTS, along with interest, as well as any and all profits that DEFENDANTS acquired
3 by their unlawful conversion of said property.

4      60.    DEFENDANTS' actions were oppressive, malicious, and fraudulent, and were
5 concealed by DEFENDANTS, and each of them, from PLAINTIFFS and the PLAINTIFF CLASS
6 as heretofore alleged. DEFENDANTS' actions were oppressive in that they denied PLAINTIFFS
7 and the PLAINTIFF CLASS their rights to wages for labor already performed, thus said property
8 rights were fully vested. PLAINTIFFS and members of the PLAINTIFF CLASS have been
9 injured by DEFENDANTS' oppressive, malicious, intentional and fraudulent actions, entitling
10 PLAINTIFFS and the PLAINTIFF CLASS to punitive and exemplary damages.

11

12                            **SEVENTH CAUSE OF ACTION**

13               **VIOLATION OF LABOR CODE SECTION 204**

14                      **(Against All Defendants)**

15      61.    PLAINTIFFS reallege and incorporate by reference as though fully set forth herein
16 the allegations contained in paragraphs 1 to 60.

17      62.    During the Class period, Labor Code § 204 applied to DEFENDANTS'
18 employment of PLAINTIFFS and the PLAINTIFF CLASS. At all times relevant hereto, Labor
19 Code Section 204 provided that all wages earned by any employee in any employment between
20 the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon
21 termination of an employee, are due and payable between the 16th and 26th day of the month
22 during which the work was performed. Furthermore, at all times relevant hereto, Labor Code
23 Section 204 provided that all wages earned by any employee in any employment between the 16th
24 and the last day, inclusive, of any calendar month, other than those wages due upon termination of
25 an employee, are due and payable between the 1st and 10th day of the following month.

26      63.    During the Class period, DEFENDANTS failed to pay PLAINTIFFS and members
27 of the PLAINTIFF CLASS wages for all hours worked.

28 ///

18

THIRD AMD. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3:10-cv-04317-SI

1    64.    During the Class period, DEFENDANTS failed to pay PLAINTIFFS and members
2  of the PLAINTIFF CLASS for all wages earned and therefore violated Labor Code section 204.
3  Accordingly,  PLAINTIFF and members of the PLAINTIFF CLASS are entitled to recover all
4  damages, penalties and other remedies available for violation of Labor Code section 204.

5

6                                    **EIGHTH CAUSE OF ACTION**

7               **UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES**

8        **(CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.)**

9                                      **(Against All Defendants)**

10   65.    PLAINTIFFS reallege and incorporate by reference as though fully set forth herein
11  the allegations contained in paragraphs 1 to 64.

12   66.    As alleged herein, DEFENDANTS' violations of the FLSA and of California law
13  include:

14       (1) DEFENDANTS' failure and refusal to pay all wages earned by PLAINTIFFS and the
15  PLAINTIFF CLASS pursuant to DEFENDANTS' illegal pay practices described above;

16       (2) DEFENDANTS' failure to provide meal and rest periods to PLAINTIFFS and
17  members of the PLAINTIFF CLASS and to compensate them for missed meal and rest periods;

18       (3)DEFENDANTS' willful and deliberate failure to provide accurate itemized statements;

19       (4) DEFENDANTS' failure to pay wages due to PLAINTIFFS and members of the
20  PLAINTIFF CLASS in a timely manner upon their termination or resignation and during their
21  employment; and

22       (5) DEFENDANTS' wrongful withholding and conversion of wages and compensation
23  due to PLAINTIFFS and the PLAINTIFF CLASS.  The aforementioned violations of federal and
24  state law constitute unfair business practices in violation of the Unfair Competition Law,
25  California Business & Professions Code Section 17200, et seq.

26   67.    As a result of DEFENDANTS' unfair business practices, DEFENDANTS have
27  reaped unfair benefits at the expense of PLAINTIFFS, members of the applicable PLAINTIFF
28  ///

                                              19

1  CLASS and members of the public. DEFENDANTS should be required to make restitution in
2  order to restore such monies to PLAINTIFFS and the PLAINTIFF CLASS.

3     68.     DEFENDANTS' unfair business practices entitle PLAINTIFFS and the
4  PLAINTIFF CLASS to seek preliminary and permanent injunctive relief, including but not limited
5  to, orders that the DEFENDANTS account for PLAINTIFFS and the PLAINTIFF CLASS, the
6  wages unlawfully withheld from them, together with interest thereon, as well as costs and
7  reasonable attorney fees pursuant to statute, including Code of Civil Procedure section 1021.5.

8

9                        **NINTH CAUSE OF ACTION**

10                    **PRIVATE ATTORNEY GENERAL ACT**

11          **(VIOLATION OF CALIFORNIA LABOR CODE §§ 2698 et. seq.)**

12                         **(Against All Defendants)**

13     69.     PLAINTIFFS reallege and incorporate by reference as though fully set forth herein
14  the allegations contained in paragraphs 1 to 68.

15     70.     PLAINTIFFS, individually and on behalf of both the class and the general public
16  allege that on or about August 25, 2010, they provided written notice to the Labor and Workforce
17  Development Agency ("LWDA") of the specific provisions of the California Labor Code
18  DEFENDANTS have violated, and continue to violate, including Labor Code Sections §§ 201-
19  204, 216, 221, 225.5, 226, 226.3, 226.7, 512, 558, 1194, and 2802.

20     71.     On October 13, 2010, the LDWA informed PLAINTIFFS that it did not intend to
21  investigate the provisions of the California Labor Code DEFENDANTS have violated, and
22  continue to violate.

23     72.     As a result, PLAINTIFFS have exhausted all administrative procedures required of
24  them under Labor Code §§ 2698, 2699 and 2699.3, and as a result, are justified as a matter of
25  right in bringing forward this cause of action.

26     73.     As a result of the acts alleged above, PLAINTIFFS seek penalties under Labor
27  Code §§ 2698 and 2699 because of DEFENDANTS' violations of numerous provisions of the
28  California Labor Code.

                                       20

74.    Pursuant to California Labor Code § 2699, PLAINTIFFS should be awarded twenty-five percent (25%) of all penalties due under California law, including attorneys' fees and costs, with the remainder to go to the LDWA.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.    That the Court determine that Cause of Action No. 1 be maintained as a collective action under the FLSA, and that Causes of Actions Nos. 2 through be 9 maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and/or that PLAINTIFFS be entitled to relief under PAGA on behalf of themselves and others similarly situated on the Ninth Cause of Action;

2.    For injunctive relief to stop DEFENDANTS' illegal and unlawful practices as described above;

3.    For general and compensatory damages according to proof;

4.    For compensatory and/or liquidated damages according to proof pursuant to the FLSA;

5.    For restitution of all monies due to PLAINTIFFS and the members of the PLAINTIFF CLASS, including any and all possible sub-classes;

6.    For waiting time penalties pursuant to California Labor Code Section 203;

7.    For penalties pursuant to California Labor Code Sections 226, 558, and all other applicable Labor Code and/or Employment Laws and Regulations, including those under PAGA (Labor Code Sections 2698 et seq);

8.    For interest accrued to date;

9.    For costs of the suit incurred herein;

10.    For attorney fees and costs pursuant to California Labor Code Sections 226 and 1194; California Code of Civil Procedure Section 1021.5 and/or the FLSA and/or PAGA, and

///

21

1    11.    For any such other and further relief that the Court may deem just and proper.

2

3  DATED: January 27, 2011                    SCHONBRUN DESIMONE SEPLOW
                                              HARRIS HOFFMAN & HARRISON LLP
4
                                              LAW OFFICES OF THOMAS FALVEY
5

6                                             _____
                                              V. James DeSimone
7                                             Michael D. Seplow
                                              Thomas W. Falvey
8                                             J.D. Henderson
                                              Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      22
        THIRD AMD. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3:10-cv-04317-SI

1                            **DEMAND FOR JURY TRIAL**

2       PLAINTIFFS and members of the PLAINTIFF CLASS hereby demand a trial by jury on

3 all issues so triable.

4 DATED: January 27, 2011                        SCHONBRUN DESIMONE SEPLOW
                                              HARRIS HOFFMAN & HARRISON LLP

5

                                       LAW OFFICES OF THOMAS FALVEY

6

7

8                                      V. James DeSimone
                                     Michael D. Seplow

9                                      Thomas W. Falvey
                                     J.D. Henderson

10                                      Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AMD. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3:10-cv-04317-SI**