IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SANTIAGO, *et al.*, | No. C 10-4317 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| AMDOCS, INC., *et al.*, | |
| Defendants. | |

Defendant's motion to dismiss the complaint is scheduled for a hearing on April 8, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, defendant's motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiffs Patrick Santiago and Robert Schussel filed this putative class action against defendant Amdocs Inc., alleging wage and hour violations. The third amended complaint alleges that plaintiffs Santiago and Schussel and members of the putative class worked as Information Technology employees ("IT Workers") for Amdocs, Inc. TAC ¶ 1. The complaint alleges that "plaintiffs and all members of the putative class were non-exempt IT Workers of defendants, who performed substantially similar, non-exempt primary job duties, which consisted primarily of providing computer support, trouble shooting, testing related to repairs and problem-solving, and technical services to defendants." *Id*. ¶ 6. The complaint alleges that "[d]espite the fact that plaintiffs and other class members were non-exempt

employees who performed similar job duties . . . defendants classified them as exempt and provided plaintiffs and other similarly situated employees with various job titles, which were frequently changed, in order to make it appear that they were properly exempt from federal and state overtime laws." *Id.*

The complaint alleges claims for (1) failure to pay overtime wages pursuant to federal and California law; (2) failure to pay meal and/or rest period compensation under California law; (3) failure to pay waiting time penalties under California law; (4) failure to provide accurate itemized statements under California law; (5) common law conversion; (6) violation of California Labor Code Section 304; (7) violation of California Business and Professions Code § 17200 *et seq.*; and (8) violation of the Private Attorney General Act ("PAGA"), California Labor Code § 2698 *et seq.*

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United*

*States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## DISCUSSION

**I.     Class definition**

Defendant moves to dismiss the complaint on several grounds. First, defendant raises several objections to the proposed class definition. The proposed class definition is:

> All California IT Workers classified by DEFENDANTS as exempt at any time within four years of the date of the filing of this complaint, except those holding advanced degrees in computer software or a closely-related field, and/or who spent more than 50% of their time managing other employees.

TAC ¶ 12. Defendant argues that the proposed class is not clearly ascertainable and would require individualized analysis in order to determine who is in the putative class. Defendant contends that the parties and the Court would need to analyze whether each putative class member had an advanced degree in computer software or a "closely-related field," and then determine whether each individual spent more than 50% of his or her time managing other employees. Defendant also argues that plaintiffs do not explain how they could satisfy the requirements for class certification where they seek to represent a class of persons in at least 32 different positions.

Plaintiffs respond that a motion to dismiss is not the proper forum for the Court to decide questions of class certification, and that defendant's arguments about the class definition should be resolved in connection with plaintiffs' motion for class certification on a factual record. The Court agrees. Defendant's objections to the class definition do not raise questions about the sufficiency of the pleadings, but rather about whether a class can be certified in this case. For the same reason, the Court finds unpersuasive defendant's arguments that specific claims should be dismissed because they require individualized analyses inappropriate for class certification. The cases cited by defendant are distinguishable in that they were either decided at the class certification stage, *e.g., Campbell v. PriceWaterhouseCoopers LLP*, 253 F.R.D. 586 (E.D. Cal. 2008), or after discovery had been taken, *e.g., Zinman v. WalMart Stores, Inc.*, No. 09-02045 CW, 2010 WL 2230449 (N.D. Cal. June 1, 2010) (denying motion to amend the complaint after discovery had been taken, where proposed new class would not relate back and therefore was futile, and where the plaintiff had not explained how the

3

proposed class could be certified).

Accordingly, the Court DENIES this aspect of defendant's motion to dismiss the complaint.

## II.     Sufficiency of factual allegations

Defendant also contends that the complaint is deficient because plaintiffs have failed to plead sufficient factual allegations in support of their claims. With regard to the overtime claims, defendant argues that the allegations are conclusory and that plaintiffs do not allege facts establishing that their "primary" duties were non-exempt, nor do they describe their activities with any specificity or allege how much time they spent on various activities. The Court disagrees, and finds the allegations are sufficient. The complaint alleges what plaintiffs' primary job duties were, that they were engaged for over 50% of their work day in specific allegedly non-exempt duties, why they are not exempt, and that they worked overtime without pay. *See* TAC ¶¶ 4-6, 10, 13-18, 24.[1]

Defendant raises similar challenges to the sufficiency of the factual allegations in support of plaintiffs' other claims. For example, defendant argues that the meal and rest period claims are not properly pled because the complaint does not identify who allegedly instructed plaintiffs and the putative class members to "work through" their meal and rest periods, nor does the complaint allege how these instructions were allegedly conveyed. The Court finds that this level of specificity is not required as a pleading matter, and that plaintiffs' allegations state a claim. *See id.* ¶ 11.

On plaintiffs' wage statement claim, defendant argues that the complaint does not allege that plaintiffs were injured. However, the complaint alleges that "[a]s a direct result of Defendants' failure to provide accurate itemized statements, Plaintiffs and members of the Plaintiff Class were not paid compensation to which they were legally entitled for overtime hours worked, and hours worked during meal and rest periods." *Id.* ¶ 53. The Court finds that plaintiffs have alleged that they were injured as

---

[1] Defendant also contends that plaintiffs' state law overtime claim must be dismissed because plaintiffs will not be able to establish the superiority requirement as to their state law causes of action under Rule 23 because a Fair Labor Standards Act "opt in" alternative is available. As stated *supra*, defendant's arguments about class certification are premature and not appropriate for resolution on a motion to dismiss.

4

a result of defendants' failure to provide accurate wage statements.[2]

Accordingly, the Court DENIES this aspect of defendant's motion to dismiss the complaint.

**III.     Conversion**

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Mendoza v. Rast Produce Co.*, 140 Cal. App. 4th 1395, 1404-05 (2006). The complaint alleges that defendants wrongfully withheld overtime wages and knowingly failed to compensate plaintiffs and putative class members for missed meal and rest periods, and that these wages were wrongfully "converted" at the time the wages were first due to be paid. TAC ¶¶ 56-57.

Defendant contends that plaintiffs' conversion claim must be dismissed because statutorily-based claims for non-payment of wages may not be the subject of a conversion claim. Defendant relies on several cases in which courts have held that employees cannot bring a claim for conversion based on the failure to pay wages under the Labor Code because the Labor Code's remedies are exclusive. *See Madrigal v. Tommy Bahama Group, Inc.*, No. CV 09-08924 SJO (MANx), 2010 WL 4384235, at *6 (C.D. Cal. Oct. 18, 2010); *Green v. Party City Corp.*, No. CV-01-09681 CAS (EX), 2002 WL 553219, at *4 (C.D. Cal. Apr. 9, 2002); *see also In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007); *Pulido v. Coca-Cola Enter., Inc.*, No. EDCV06-406VAP(OPX), 2006 WL 1699328, at *9 (C.D. Cal. May 25, 2006). Under California law, "where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." *In re Wal-Mart*, 505 F. Supp. 2d at 618 (citing *Rojo v. Kliger*, 52 Cal. 3d 65, 79 (1990)). These cases hold that the rights to overtime wages and wages for meal and rest periods are created by statute, and that the California Legislature has created an extensive remedial scheme to address these disputes, therefore precluding a claim for conversion. *See In re Wal-*

---

[2] Defendant also moves to dismiss the claims for violation of Cal. Bus. & Prof. Code § 17200 and Cal. Lab. Code §§ 203 and 204 on the ground that those claims are based on the deficient overtime and meal and rest period claims. For the reasons stated *supra*, the Court finds that the allegations are sufficient.

5

*Mart*, 505 F. Supp. 2d at 618-19; *Madrigal*, 2010 WL 4384235, at *6; *Pulido*, 2006 WL 1699328, at *9; *Green*, 2002 WL 553219, at *4.

Plaintiff does not cite any authority to the contrary.[3] Instead, plaintiff relies on *Brewer v. Premier Golf Properties*, 168 Cal. App. 4th 1243 (2008). In *Brewer*, the plaintiff brought an action for age discrimination and wage and hour violations. A jury found against the plaintiff on the age discrimination claim, but in favor of the plaintiff on the wage and hour claims, and also awarded punitive damages. On appeal, the Court of Appeal held that the plaintiff could not recover punitive damages on her statutory wage claims based on the "new right-exclusive remedy" doctrine:

> We are convinced that, because the meal and rest break provisions of the Labor Code established a new and comprehensive set of rights and remedies for [employees] . . . [and] [n]o such specialized rights and remedies existed at common law . . . the remedy provided in the statute is exclusive of all others unless the statutory remedy is inadequate.

*Id*. at 1254 (internal quotations and citations omitted, brackets in original). Plaintiff relies on a footnote in *Brewer* in which the court noted that a punitive damages award would be appropriate if it "was not tethered to the conduct violating the statutory provisions" and was based on "additional conduct . . . that sounded in fraud, assault, conversion and trespass . . . ." *Id*. at 1255 n.11 (citing *Story v. Gateway Chevrolet Co.*, 237 Cal. App. 2d 705 (1965)).

The Court is not persuaded that the footnote in *Brewer* permits a conversion claim based on statutory wage and hour violations, particularly given the holding in *Brewer* that the "Labor Code established [a] new and comprehensive set of rights and remedies for employees and no such specialized rights and remedies existed at common law" and that the Labor Code remedies are "exclusive of all others unless the statutory remedy is inadequate." *Id*. at 1252. *Story* did not involve a Labor Code violation, and plaintiffs have not alleged or identified additional conduct aside from the Labor Code violations that form the basis of the conversion claim.

Plaintiffs also assert that *Department of Industrial Relations Division of Labor Standards Enforcement v. UI Video Stores, Inc.*, 55 Cal. App. 4th 1084 (1997) ("*DLSE*"), held that "a conversion claim was properly maintained against an employer to recover checks for wages illegally withheld from

---

[3] Neither party has cited any on-point California authority. The federal cases cited *supra* note the absence of any California authority addressing this question.

6

employees." Opp'n at 20:13-15. However, *DLSE* is distinguishable because in that case, the DLSE sued for breach of a settlement agreement, not for violations of the Labor Code. The DLSE had negotiated a settlement that required the employer to reimburse its employees for the costs of uniforms. *Id*. at 1095-96. Instead of complying with the terms of the settlement, which required the employer to send the checks directly to the DLSE, the employer mailed the checks directly to the employees. The employer then retained the checks that were returned as undeliverable, refused to hand them over the DLSE, and ultimately turned over the undeliverable checks but instructed its bank not to honor the checks. The Court of Appeal held that DLSE had properly alleged a claim for conversion in arguing that the employer had unlawfully retained the checks. *Id*. *DLSE* does not stand for the proposition that a plaintiff can bring a conversion claim based on statutory wage and hour violations.

Accordingly, in light of the cases consistently holding that a plaintiff cannot bring a conversion claim based solely on statutory wage and hour violations, and the absence of any authority to contrary, the Court GRANTS defendant's motion to dismiss the conversion claim without leave to amend.

## IV.   **PAGA claim**

Defendant contends that the plaintiffs' claim for penalties under PAGA is barred by the statute of limitations. As a prerequisite to filing a PAGA claim, an employee must make an administrative complaint with the Labor and Workforce Development Agency ("LWDA") within one year of the alleged violation. *Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). Defendant contends that plaintiffs' PAGA claim is time-barred because the complaint alleges that plaintiffs Santiago and Schussel last worked for defendant in December 2008 and April 2009 respectively, TAC ¶¶ 4-5, and that they filed their administrative complaint with LWDA on or about August 25, 2010. *Id*. ¶ 70.

Plaintiffs do not respond to this argument in their opposition. Based on allegations of the complaint, the Court finds that the PAGA claim is time-barred. Accordingly, the Court GRANTS defendant's motion to dismiss this claim without leave to amend.

**CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss the complaint is GRANTED in part and DENIED in part. (Docket No. 80).

**IT IS SO ORDERED.**

Dated: April 2, 2011

SUSAN ILLSTON
United States District Judge