IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SANTIAGO, *et al.*, | No. C 10-4317 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| AMDOCS, INC., | |
| Defendant. | |

Defendant has moved for summary judgment and plaintiffs have moved for conditional collective certification. For the reasons set forth below, the Court DENIES defendant's motion and GRANTS plaintiffs' motion.

**BACKGROUND**

Plaintiffs Patrick Santiago and Robert Schussel filed this collective and class action alleging violations of the Fair Labor Standards Act ("FLSA") and the California Labor Code. Defendant Amdocs is a global technology firm that assists telecommunication service providers, broadband, cable and satellite companies, and financial services providers to create "integrated customer management" by offering software products, applications, and technology services. Plaintiffs were Information Technology employees at defendant Amdocs, and they allege that their job duties consisted primarily of providing computer support, trouble shooting, testing related to repairs and problem-solving, and technical services to Amdocs. TAC ¶ 6. Patrick Santiago worked at Amdocs as a Quality Control Tester/Analyst from approximately May 2007 to December 2008, and Robert Schussel worked as a Quality Control Tester/Analyst, and later as a Senior Test Engineer, from May 2007 to April 2009.

Prior to being involuntarily transferred to Amdocs, plaintiffs, along with many putative class members, worked for AT&T Services Inc.

Plaintiffs claim that they have been misclassified as exempt, and that as a result they are entitled to unpaid overtime wages. Plaintiffs contend that they are similarly situated to numerous non-management Amdocs employees who primarily performed non-exempt duties including providing computer support, trouble shooting, testing related to repairs and problem-solving, and/or other technical services. Plaintiffs claim that they and their similarly situated colleagues routinely worked more than 40 hours per week without overtime pay in violation of the FLSA. Defendant contends that plaintiffs and the class of employees they seek to represent are properly classified as exempt as "computer employees" under two different FLSA provisions, and that they are properly classified as exempt under the FLSA's administrative exemption.

Plaintiffs claim that defendant used varying job titles and descriptions as part of its "misclassification scheme." Plaintiffs assert that defendant uses differing "internal" and "external" job titles for the exact same jobs performed by the same employees. Schussel Decl. Ex. 4. Defendant uses the terms "Job Role," "Job Title," "Job Stream," "Job Family" and "Band." According to Amdocs' documents, a "Job Family" is a "broad grouping of jobs in a professional category that require similar education, experience and competencies." *Id*. "Job Streams" "are subsets of the Job Families" and they "identify the areas of functional expertise that fall within the Job Family." *Id*. A "Role" "defines the nature of the work performed at each level of the stream" and "[r]oles encompass different jobs and are used for internal purposes." *Id*. "Within each Role, there are specific Job Titles used in the organization to more clearly describe the work being done and they are used externally." *Id*. Plaintiffs assert that use of "these multiple terms, to define the same jobs – which differ depending on whether they are used for 'external' or 'internal purposes' – shows the extent of Defendant's misclassification scheme and why varying job titles do not indicate varying job duties." Pls' Motion for Conditional Certification at 5:24-26.

Now before the Court are defendant's motion for summary judgment, and plaintiffs' motion for

2

conditional collective certification under the FLSA.[1]

## DISCUSSION

**I.     Defendant's motion for summary judgment**

    **A.     FLSA claim**

        **1.     Computer employee exemption**

Defendant contends that plaintiffs are properly classified as exempt under FLSA's "computer employee" exemption, found at 29 U.S.C. § 213(a)(17). The parties dispute whether plaintiffs, who are salaried employees, can be considered for the § 213(a)(17) exemption. Plaintiffs contend that the § 213(a)(17) exemption only applies to hourly employees, while defendant asserts that the § 213(a)(17) exemption also applies to salaried employees.

The Court agrees with plaintiffs' interpretation of the law. Section 213(a)(17) states,

(a) Minimum wage and maximum hour requirements

The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to–
. . .

(17) any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is–

    (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

    (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

    (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or

    (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and

who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour.

29 U.S.C. § 213(a)(17). Federal regulations explicitly state that the computer employee exemption

---

[1] Plaintiffs have filed numerous objections to defendant's evidence. The Court finds that it is not necessary to rule on plaintiffs' specific objections in order to resolve the pending motions.

under § 213(a)(17) only applies to hourly employees. 29 C.F.R. § 541.400, titled "General rule for computer employees" states,

> (a) Computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field are eligible for exemption as professionals under section 13(a)(1) of the Act[2] and under section 13(a)(17) of the Act. Because job titles vary widely and change quickly in the computer industry, job titles are not determinative of the applicability of this exemption.
>
> (b) The section 13(a)(1) exemption applies to any computer employee compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities, *and the section 13(a)(17) exemption applies to any computer employee compensated on an hourly basis at a rate not less than $27.63 an hour*. In addition, under either section 13(a)(1) or section 13(a)(17) of the Act, the exemptions apply only to computer employees whose primary duty consists of:
>
> > (1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
> >
> > (2) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
> >
> > (3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or
> >
> > (4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

29 C.F.R. § 541.400(a)-(b) (2011) (emphasis added).

The Court finds that under the plain language of the statute and the regulations, the § 213(a)(17) exemption only applies to hourly employees, and thus plaintiffs do not fall under that exemption. *See Berquist v. Fidelity Info. Servs. Inc.*, 399 F. Supp. 2d 1320, 1330 (M.D. Fla. 2005) ("In other words, pursuant to 29 C.F.R. § 541.400(b) (2004), computer employees can be exempt under the professional exemption in 29 U.S.C. § 213(a)(1) if they meet the minimum salary requirements of $455.00 a week, or under the computer employee exemption, 29 U.S.C. § 213(a)(17), if they meet the minimum hourly

---

[2] Defendant also contends that plaintiffs are exempt as professionals under section 13(a)(1); that exemption is discussed *infra*.

4

requirement of $27.63.").[3]

### 2. Professional exemption – computer employees

Defendant also contends that plaintiffs are exempt computer employees under the professional exemption contained in § 213(a)(1). Federal regulations state that "13(a)(1) exemptions are not available, however, for employees who simply apply well-established techniques or procedures described in manuals or other sources within closely prescribed limits to determine the correct response to an inquiry or set of circumstances." 29 C.F.R. § 541.704 (2011). The Court finds that there are disputes of fact sufficient to defeat summary judgment because plaintiffs have submitted evidence showing that they used procedures and manuals to perform their jobs, and that they did not have the discretion to deviate from prescribed guidelines.

### 3. Administrative exemption

Finally, defendant contends that plaintiffs were properly classified as exempt under the administrative exemption under § 213(a)(1). Federal regulations provide,

> (a) The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the Act shall mean any employee:
>
> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.

The Court finds that there are disputes of fact as to the second and third elements of the

---

[3] Defendant cites *Pellerin v. Xspedius Management Company of Shreveport LLC*, 432 F. Supp. 2d 657 (W.D. La. 2006), for the proposition that § 213(a)(17) applies to salaried workers. The Court is not persuaded by *Pellerin*, as that decision did not address the federal regulations which explicitly state that § 213(a)(17) only applies to hourly employees.

5

exemption, and therefore that summary judgment is inappropriate.

### B. State claims and ability to bring collective and class action

Defendant contends that the named plaintiffs released their state law claims and their ability to bring a collective and/or class action under the FLSA when they signed severance agreements containing releases. In response, plaintiffs argue, *inter alia*, that defendant has forfeited any such argument because defendant did not assert the affirmative defense of release in any of its answers to the various complaints. Plaintiffs contend that they have been prejudiced by defendant's failure to assert the affirmative defense of release because this is a putative class action, as well as a collective action, and many employees and former employees have already opted-in to this litigation, and yet defendant has waited until now to assert that all state claims have been released and that plaintiffs may not bring a collective or class action. Plaintiff also assert that they have expended considerable resources in this litigation thus far, and that had defendant raised this defense earlier, plaintiffs would have had the opportunity to find and add class representatives who had not signed severance agreements. Plaintiffs note that defendant filed several motions to dismiss without raising this issue, and that the instant motions are the first time that this issue has been raised in this litigation.

Defendant replies that it did assert this affirmative defense by asserting waiver as one of its 34 affirmative defenses in its answer to plaintiffs' first amended complaint. However, Rule 8(c) lists "waiver" and "release" as separate affirmative defenses. *See* Fed. R. Civ. Proc. 8(c). An affirmative defense of waiver, which could apply in a variety of circumstances, does not provide plaintiffs notice of the fact that defendant contends that the named plaintiffs have released their claims by signing severance agreements. *Cf. Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). The Court finds that by failing to assert the affirmative defense of release in its answers, defendant has forfeited this defense as to the named plaintiffs. *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("[A defendant] is required to raise every defense in its first responsive pleading, and defenses not so raised are waived."); *see also In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 n.2 (9th Cir. 2008) ("Although, consistent with our prior decisions, we use the term waiver here

to describe the loss of an affirmative defense through the failure to raise it in a timely manner, a more accurate term may be forfeiture.").[4]

## II. Plaintiffs' motion for conditional collective certification under FLSA

Plaintiffs seek conditional certification of a collective action for their claim under the FLSA for failure to pay overtime wages. Plaintiffs propose certification of the following opt-in class:[5]

> 1. All California computer employees of Amdocs who were classified as exempt, and who were employed in the following Amdocs Job Families: System Integration, Development & Technology, Technical Business Operations, and Enterprise Support Services, and who were Individual Contributors below the level of Dir-IC, or below the level of Individual Contributors who primarily performed computer support, trouble shooting, testing related to repairs and problem-solving, and/or other technical services for Amdocs. The "Roles" performed by these similarly situated employees include Sr. Expert, Expert, Sr. SME (Subject Matter Expert), SME, and Associate; or
>
> 2. All California computer employees of Amdocs who "transitioned" from AT&T Services Inc. to Amdocs, who were classified as exempt, and who are not Managers according to the Amdocs Level System and who primarily performed computer support, trouble shooting, testing related to repairs and problem-solving, and/or other technical services for Amdocs.

Plaintiffs propose that the time frame for this collective action class includes persons who fall within the above definitions and who worked at Amdocs at any time from April 5, 2008 to the present.

---

[4] Citing *Kelly v. City and County of San Francisco*, C 05-1287 SI, 2008 WL 2662017 (N.D. Cal. June 30, 2008), defendant argues that the Court should find a release of claims because in *Kelly* the defendant also asserted "waiver" as an affirmative defense, and this Court found that certain putative class members had released their claims. However, in *Kelly* the plaintiffs never asserted that the defendant had failed to timely raise the affirmative defense of release, and thus the Court was not presented with the questions raised by the current motions.

[5] This proposed opt-in class definition is taken from plaintiffs' reply papers. In response to defendant's assertion that the class definition included job classifications such as Mail Room Coordinators and Events Specialists that bore no resemblance to the jobs held by plaintiffs, plaintiffs modified the proposed class definition to include the term "computer employee" and to include a description of primary job duties. Similarly, by adding a description of primary job duties, plaintiffs have addressed defendant's objection that the class definition is fatally flawed because it relies on the assumption that because the definition excludes managers, all of the employees would otherwise be non-exempt.

Defendant objects that plaintiffs are seeking to certify a class that differs from the Rule 23 class contained in the Third Amended Complaint, and they argue that plaintiffs are required to first seek leave to amend the complaint. As plaintiffs note, however, the instant motion seeks conditional collective certification of an FLSA class, not a Rule 23 class.

Plaintiffs have submitted declarations from the named plaintiffs[6] as well as 17 putative class members. Each declarant states the time period when he or she worked for Amdocs, job titles held, primary job duties, and typical work schedule. Although there are slight variations in the declarations, the declarants all generally state that their primary job duties included providing computer support, testing related to repairs and problem-solving, trouble-shooting and technical services. *See generally* Docket No. 109. For example, Lorraine Mun states that her primary job duties included providing technical services, as well as testing related to repairs and problem-solving. Mun Decl. ¶ 3. Ms. Mun also states, as do all of the declarants, that "I performed my job duties according to procedures and guidelines established by my employer and I did not have the discretion or independent judgment to deviate from these guidelines." *Id.* Some declarants, like Ms. Mun, state that they did not supervise or manage any employees, while other declarants state that they did not spend more than half of their time supervising or managing other employees. All declarants state that they regularly worked overtime hours for which they were not paid. Plaintiffs contend that they have met their burden to show that collective action members are similarly situated given that they were all misclassified as exempt, performed similar, non-exempt primary job duties, and worked overtime for which they were not paid.

Section 216(b) of the FLSA provides that one or more employees may bring a collective action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated," nor has the Ninth Circuit defined it. To determine whether plaintiffs are "similarly situated," courts in this circuit have applied a "two-step approach involving initial notice to prospective plaintiffs, followed by a final evaluation whether such plaintiffs are similarly situated." *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004). "The first step under the two-tiered approach considers whether the proposed class should be given notice of the action. This decision is based on the pleadings and affidavits submitted by the parties. The court makes this determination under a fairly lenient standard due to the limited amount of evidence before it . . . In the second step, the party opposing certification may move to decertify the class once

---

[6] Mr. Santiago's declaration was filed in opposition to defendant's motion for summary judgment; however, in substance, Mr. Santiago's declaration is similar to the declarations submitted by plaintiffs in support of certification.

8

discovery is complete and the case is ready to be tried." *Adams v. Inter-Con Sec. Systs., Inc.*, 242 F.R.D. 530, 535-56 (N.D. Cal. 2007). "Courts have held that conditional certification requires only that 'plaintiffs make substantial allegations that the putative collective action members were subject to a single illegal policy, plan or decision." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.) (internal citation and quotation omitted), *cert. denied*, 519 U.S. 982 (1996) ( "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members."). "The standard for certification at this [first] stage is a lenient one that typically results in certification." *Russell v. Wells Fargo & Co.*, No. C 07-3993 CW, 2008 WL 4104212, at *2 (N.D. Cal. Sept. 3, 2008) (citing *Wynn v. Nat'l Broad. Co. Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002)).[7]

Defendant opposes conditional certification on numerous grounds. To the extent that defendant argues that certification is inappropriate because the named plaintiffs are exempt and they executed releases barring them from bringing a collective or class action, the Court has addressed those arguments *supra*. Moreover, at the initial certification stage the Court's inquiry is "not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005); *see also Adams v. Inter-Con Sec. Systs., Inc.*, 242 F.R.D. 530, 539 (N.D. Cal. 2007) ("[D]efendant urges the exclusion of employees from Midwest Generation power plants since those employees were compensated with paid lunches. This argument requires an evaluation of the merits of claims and the court declines to do so at this stage. The declarants from the Midwest Generation power plants allege unpaid off-the-clock work demonstrating that they are similarly situated.").

Defendant also contends that the proposed class definition requires an individualized analysis

---

[7] Collective actions under the FLSA are not subject to the requirements of Rule 23 for certification of a class action. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). "The requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure. All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*, No. CIV 92–453 PHX RCB, 1993 WL 603552, *1 (D. Ariz. Sept. 30, 1993) (citations omitted).

9

1  to determine who is in the putative class. Defendant argues that the proposed class includes over 100
2  positions, and would require an individualized review to exclude those employees who were managers.
3  However, the amended class definition clarifies that the class is limited to computer employees, and thus
4  does not include the disparate non-computer employees identified by defendant as potentially included
5  within the class. *See* Howell Decl. ¶ 4 (stating that the definition contained in plaintiffs' motion would
6  include, *inter alia*, Mail Room Coordinators, Sales Engineers, Travel Coordinators, Events Specialists
7  and Administrative Assistants). With regard to the inclusion of managers, plaintiffs respond that the
8  proposed definition is based on Amdocs' own level system and does not include any individuals above
9  the level of "Individual Contributor," and under Amdocs' level system "Individual Contributors" are
10 not managers. *See* Abrams Reply Decl. ¶ 6, Ex. E.

11     Defendant also argues that an individualized analysis would be required to determine the primary
12 job duties of each person, and to determine whether each particular employee qualifies for any of the
13 exemptions available under the FLSA. However, numerous courts have rejected similar arguments
14 during the first stage of the FLSA conditional certification process, holding that these arguments go to
15 the merits and are better addressed after discovery has closed in a motion to decertify or a motion for
16 summary judgment. *See, e.g.*, *Harris v. Vector Marktg. Corp.*, 716 F. Supp. 2d 835, 841 (N.D. Cal.
17 2010); *Labrie v. UPS Supply Chain Solutions, Inc.*, No. C 08-3182 PJH, 2009 WL 723599, at *5-7 (N.D.
18 Cal. May 18, 2010); *Gilbert v. Citigroup, Inc.*, No. 08-0385 SC, 2009 WL 424320, at *4 (N.D. Cal. Feb.
19 18, 2009); *Escobar v. Whiteside Const. Corp.*, No. C 08-01120 WHA, 2008 WL 3915715, at *5 (N.D.
20 Cal. Aug. 21, 2008).

21     Defendant raises a number of challenges to the credibility of various individuals who submitted
22 declarations in support of plaintiffs' motion. In response, plaintiffs dispute defendants' characterization
23 of various individuals' deposition testimony. For example, defendant asserts that Maria Verlanic's
24 declaration was false because she swore that testing was included in her primary job duties and yet
25 "admitted that statement was false" in her deposition. Opp'n at 5:18-19. Plaintiffs have submitted
26 portions of Ms. Verlanic's deposition testimony in which she states, *inter alia*, that testing was part of
27 her regular job duties and that she wrote "test cases" as required. Abrams Decl. Ex. C at 36-37. In any
28 event, courts have repeatedly held that possible contradictions in testimony "are matters of credibility

10

1 for the factfinder, not individualized defenses" preventing collective treatment. *Pendelbury v. Starbucks Corp.*, 518 F. Supp. 2d 1345, 1362 (S.D. Fla. 2007) (holding inconsistencies in plaintiffs' and class members' testimony "present issues of credibility and do not weigh heavily in favor of decertifying the class."); *see also Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 180 (D. Conn. 2010) ("Indeed, at the conditional certification stage, the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.") (internal quotations omitted).

The Court concludes that plaintiffs' allegations and evidence are sufficient to satisfy the "fairly lenient standard" required to conditionally certify this action and send conditional class notice under the FLSA. The complaint alleges that defendant systematically deprived its Information Technology employees of their earned overtime wages in violation of the FLSA. Plaintiffs have submitted a number of sworn declarations from individuals who state that they regularly worked overtime, and describing their primary job duties as including providing computer support, trouble shooting, testing related to repairs and problem-solving, and technical services. The declarants all state that they performed their job duties according to procedures and guidelines established by Amdocs and that they did not have discretion to deviate from these guidelines. The declarants all state that they did not spend more than 50% of their time (if any) managing other employees. Based upon this showing, the Court finds that plaintiffs have met their burden and that the FLSA collective class should be conditionally certified.

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion for summary judgment and GRANTS plaintiffs' motion for conditional collective certification and to facilitate notice. Docket Nos. 106 & 131. Pursuant to the FLSA, the Court finds that the following collective action members are similarly situated:

1. All California computer employees of Amdocs who were classified as exempt, and who were employed in the following Amdocs Job Families: System Integration, Development & Technology, Technical Business Operations, and Enterprise Support Services, and who were Individual Contributors below the level of Dir-IC, or below the level of Individual Contributors, who primarily

11

performed computer support, trouble shooting, testing related to repairs and problem-solving, and/or other technical services for Amdocs. The "Roles" performed by these similarly situated employees include Sr. Expert, Expert, Sr. SME (Subject Matter Expert), SME, and Associate; or

2. All California computer employees of Amdocs who "transitioned" from AT&T Services Inc. to Amdocs, who were classified as exempt, and who are not Managers according to the Amdocs Level System and who primarily performed computer support, trouble shooting, testing related to repairs and problem-solving, and/or other technical services for Amdocs.

Plaintiffs are directed to conform the Notice attached as Exhibit A to the Seplow Declaration so that it includes the amended class definition set forth above. Once so conformed, the Court finds that the Notice and Consent to Join form attached as Exhibits A and B to the Seplow Declaration should be sent to all prospective collection action members.

In order to effectuate notice, defendant is ordered to produce to plaintiffs' counsel the names, last-known residence addresses, alternate addresses, e-mail address, and all telephone numbers of the collective action members. Such information shall be provided in Microsoft Access or Microsoft Excel format and shall be provided to plaintiffs' counsel within 20 days of the date of this order.

The Court approves the mailing and posting of the Notice and Consent to Join form. The Notices and Consent to Join forms shall be mailed within 15 days of receipt by plaintiffs' counsel of the collective action members described in Paragraphs 1 and 2 above. The Notices and Consent to Join forms shall also be posted in each Amdocs location in California in a prominent location readily accessible to all potential collective members employed there, and shall further be disseminated via electronic mail to each collective action member who is currently employed by Amdocs. Amdocs shall make a good faith effort to ensure that each Notice posting shall have a reasonable number of Consent to Join forms available with the Notice at all times during the 90 day Notice period.

The collective action members described in Paragraphs 1 and 2 above shall have 90 days from the initial mailing of the Notice and Consent to Join forms to submit their Consent to Join forms via U.S. mail, e-mail, or fax to plaintiffs' counsel, who shall promptly file all such forms with the Court.

The statutes of limitation of the collective action members described in Paragraphs 1 and 2 will be tolled beginning April 5, 2011, until defendant supplies plaintiffs' counsel with the collective action members' requested contact information. *See Adams v. Inter-Con Sec. Syst., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007) (holding equitable tolling of FLSA collective action members' statutes of limitation to be appropriate beginning one month after plaintiffs' counsel made request for such information, where defendant had refused to provide such information).

**IT IS SO ORDERED.**

Dated: December 19, 2011

SUSAN ILLSTON
United States District Judge