IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK SANTIAGO, *et al.*,

        Plaintiffs,

  v.

AMDOCS, INC.,

        Defendant.

 /

No. C 10-4317 SI

**ORDER DIRECTING FURTHER BRIEFING AND RESCHEDULING HEARING TO MARCH 16, 2012**

    Defendant's motion to amend the answer is scheduled for a hearing on February 24, 2012. The Court reschedules the hearing to March 16, 2012, and directs further briefing as set forth in this order. Defendant seeks to amend the answer to assert the affirmative defense of release as to unnamed class members, based upon a release contained in severance agreements signed by these class members which broadly releases Amdocs from, *inter alia*, "all claims arising under federal, state, or local law . . . ."

    Defendant concedes that notwithstanding this broad release language, "employees cannot waive [or release] the protections of the FLSA . . . ." *Gordon v. City of Oakland*, 627 F.3d 1092, 1095 (9th Cir. 2010). However, defendant asserts that an employee may release his or her ability to join an FLSA collective or class action, and defendant wishes to assert the affirmative defense of release to, *inter alia*, preclude unnamed class members from joining this action.[1]

---

[1] The Court notes that defendant's papers are contradictory on this point. Defendant's motion states that "Given the clear language of the Agreement and the equally clear case law, any unnamed class member who signed an Agreement is barred from joining or in any way participating in a collective or class action against Defendant." Motion at 13:15-18. However, defendant's reply states "contrary to Plaintiffs' contentions, the agreement at issue in this case does not expressly preclude the employees from joining a class or collective action." Reply at 13:11-12. Defendant then asserts that the Agreement "only prohibits recovery from a class or collective action; it does not prohibit participation in a collective action." *Id*. at 13 n. 6.

The Court directs the parties to file supplemental briefs on the issue of whether, in light of the language of the FLSA and authority holding that an employee cannot waive the protections of the FLSA, an employee can nevertheless release the right to join an FLSA collective or class action.[2] The parties shall file supplemental briefs of no more than ten pages by **March 2, 2012**, and may file supplemental response briefs of no more than five pages by **March 9, 2012**. The Court will hold a hearing on defendant's motion on **March 16, 2012 at 9:00 a.m.**

**IT IS SO ORDERED.**

Dated: February 23, 2012

SUSAN ILLSTON
United States District Judge

---

[2] Defendant cites this Court's decision in *Kelly v. City and County of San Francisco*, 2008 WL 2662017 (N.D. Cal. June 30, 2008), for the proposition that employees can waive their right to bring collective actions under the FLSA. The Court finds *Kelly* does not necessarily answer the question presented here because *Kelly* is factually inapposite, and the Court believes that this issue would benefit from fuller briefing.