IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SANTIAGO, *et al.*, | No. C 10-4317 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE** |
| v. | |
| AMDOCS, INC., *et al.*, | |
| Defendants. | |

Plaintiffs' motion to strike is scheduled for a hearing on June 22, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Plaintiffs' motion is GRANTED as set forth in this order.

**DISCUSSION**

Plaintiffs move to strike defendant's thirty-fourth affirmative defense of release to the extent that defendant seeks to assert that the severance agreements signed by some class members release their claims under the FLSA and bar them from joining this FLSA collective action. Plaintiffs contend that the language of the release upon which defendant has based this affirmative defense makes it clear that unnamed class members are not barred from participating in an FLSA collective action. The Amdocs' severance agreement states, in relevant part:

> 6. **Covenant Not to Sue**. Employee agrees not to enter into any suit, action, or other proceeding at law, or in equity, or to prosecute further any existing suit or action that might presently exist, or to make any claim or demand of any kind or nature against

> Amdocs, or Affiliated Parties asserting any claim released by employee in Paragraph 4[1] of this Agreement, other than an action to enforce his or her rights contained or retained herein. If Employee enters into any action in violation of Paragraph 4, Employee shall pay all legal costs, including reasonable attorneys' fees, incurred by Amdocs, and/or Affiliated Parties, in defending against Employee's action; provided that nothing in this Paragraph shall apply to any claims that may be brought with respect to claims under the ADEA . . . . Employee also waives the right to any compensation or recovery of any damages from any action brought by any third-person party or entity against Amdocs . . . .

Reisinger Decl. Ex. 1 ¶ 6.

Plaintiffs contend that under the plain language of the severance agreement, the waiver of the right to seek compensation in an action brought by a third party or entity only applies to claims which were released. Plaintiffs argue that because no FLSA claims were or could be released, the covenant not to sue does not preclude employees who signed the severance agreement from participating in this collective FLSA action.

Defendant does not dispute that an individual may not release his or her substantive rights under the FLSA.[2] *See Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981). Instead, defendant argues that plaintiffs' interpretation of Paragraph 6 is incorrect. Defendant contends that Paragraph 6 consists of three separate clauses, and that is only the third of the three clauses that relates to claims that have been "released," and the third clause has nothing to do with the language in the first clause regarding "enter[ing] into any suit . . . ." Defendant argues that the first and second causes of Paragraph 6 relate to entering or prosecuting a suit, and that neither of those clauses is limited to claims that have been "released."

The Court disagrees with defendant's interpretation of Paragraph 6. The Court finds that the first two clauses are not stand alone clauses, but rather that these clauses must be read in connection with

---

[1] In Paragraph 4 of the severance agreement, the employee releases Amdocs "from any and all claims or other causes of action he or she may have against Amdocs from the beginning of time until the date Employee signs and returns [the severance agreement]."

[2] Defendant also raises a number of procedural objections to plaintiff's motion. The Court finds that these objections are without merit, and that plaintiff's motion is not improper. Plaintiffs' motion is consistent with the statement in the Court's prior order that whether defendant's affirmative defense would be futile as to all asserted claims would be resolved upon further legal and factual amplification of the record. Plaintiffs have not previously asserted the contention that they raise now, namely that the plain language of the severance agreement does not preclude unnamed class members from joining this FLSA collective action.

2

the phrase "asserting any claim released by employee in Paragraph 4." Under defendant's interpretation, Paragraph 6 would preclude an employee from entering into *any* suit, action or other proceeding at law or in equity, of any sort and against any person or entity. The Court agrees with plaintiffs that the three clauses in the first sentence of Paragraph 6 must be read together, and that under the plain language of the provision, an employee agrees "not to enter into any suit, action or other proceeding at law or in equity, or to prosecute further any existing suit or action . . . asserting any claim released by employee in Paragraph 4." The Court holds that under this provision, and consistent with case law holding that an employee may not release an FLSA claim, Paragraph 6 does not bar unnamed class members from joining this collective action to assert their rights under the FLSA.[3] As the Court reaches this conclusion based upon the plain language of the severance agreement, the Court finds it unnecessary to decide whether an individual may release his or her "procedural right" under the FLSA.

Plaintiffs also request that unnamed collective action class members who signed the severance agreement be granted additional time to opt into this FLSA collective action. Plaintiffs' counsel assert that it is likely that some potential members of the collective action class who signed the severance agreement may not have returned their consent forms because they believed that they were barred from participating in this action by virtue of the language of the release.[4] Plaintiffs' counsel has submitted a declaration stating that he has had communications with several former Amdocs employees who signed the severance agreement and who expressed serious concerns about whether they were allowed to file consents to join this collective action. *See* Seplow Decl. ¶ 4.

Defendant objects to the requested extension. Defendant asserts that the concerns expressed by plaintiffs' counsel are not valid, and that counsel could have submitted declarations from any unnamed class members who were actually deterred from joining this collective action rather than submitting a declaration from counsel.

---

[3] Defendant also contends that three people who opted into this case and then signed the severance agreement have waived their FLSA rights because they did so as part of litigation or because there was a bona fide dispute over wages. However, FLSA claims can only be resolved with approval of a Court or the Secretary of Labor. *See* 29 U.S.C. § 216(b),(c); *Barrentine*, 450 U.S. at 740.

[4] Plaintiffs' counsel also note that the severance agreement states that employees will be liable for Amdocs' costs and attorneys' fees if they violate Paragraph 6 of the severance agreement.

3

The Court finds that the concerns expressed by plaintiffs counsel are not unfounded, and that it is appropriate to grant a brief extension of the opt in period for those employees who signed severance agreements but who did not opt in by the deadline. Accordingly, the Court GRANTS plaintiffs' request as follows:

1. The Court finds that the Notice Form (Exhibit C to the Declaration of Michael D. Seplow) and a Consent to Join Form (previously approved by this Court) should be sent to all prospective collective action members who signed an Amdocs' severance agreement containing language purporting to release Amdocs from any and all claims who have not filed a Consent form in this action.

2. In order to effectuate notice, defendant is ordered to produce forthwith to plaintiffs' counsel the names, last known residential addresses, alternate addresses, e-mail addresses, and all telephone numbers of those collective action members described in paragraph 1. Such information shall be provided in Microsoft Excel format and shall be provided to plaintiffs' counsel within 10 days of the date of this order.

3. The Court approves the mailing and posting of the Notice and Consent forms. The Notice and Consent forms shall be mailed within 10 days of receipt by plaintiffs' counsel of the contact information for collective action members described in paragraph 1 above.

4. The collective action members described in paragraph 1 above shall have 30 days from the initial mailing of the Notice and Consent forms to submit their Consent to Joint forms via U.S. mail, e-mail or fax to plaintiffs' counsel, who shall promptly file all such forms with the Court. FLSA claims shall be tolled during the 30 day response period.

5. Defendant is ordered to inform any current employees who have already filed consent forms in this action and who were offered a severance agreement during this lawsuit that they may continue to participate in this FLSA collective action even if they sign a severance agreement. Moreover, defendant is directed to inform any employees to whom it offers severance agreements that by signing the severance agreement, they remain eligible to participate in this collective action and that they are not waiving their rights under the federal Fair Labor Standards Act.

4

**CONCLUSION**

As set forth above, plaintiffs' motion to strike is GRANTED. Docket No. 231. Accordingly, defendant may not assert that unnamed class members are barred from joining this collective action to assert their rights under the FLSA based upon such class members' execution of the severance agreement. However, defendant may assert the affirmative defense of release as to (1) state law claims,[5] and (2) an FLSA claim if a class member has resolved an FLSA claim with the approval of a court or the Secretary of Labor.

**IT IS SO ORDERED.**

Dated: June 20, 2012

SUSAN ILLSTON
United States District Judge

---

[5] In a footnote, plaintiffs contend that the severance agreements are unlawful, and therefore the class members did not validly released their state law claims as well. The Court finds that this question is not suitable for resolution on this record, and may be the subject of a summary judgment motion.